BROWN et al. v. CITY NAT. BANK OF PLATTSBURGH et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

Assignments (§ 104*)—Operation and Effect—Equities in Favor of Third Persons.

Where a contract was entered into for the erection of a tomb for a fixed sum, and for the employment of an architect at a fixed sum, and it was agreed that the entire sum should be paid to the contractor, who should receive the amount due the architect as his agent, and pay the same to him, and the contractor assigned to a third party all payments due under the contract, stating the sum which was due, less the archi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tect's claim, on bankruptcy of the contractor, and on interpleader being filed, the assignee was entitled to the amount due, less the amount of a mechanic's lien and the claim of the architect.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 183; Dec. Dig. § 104.*]

Appeal from Trial Term, Clinton County.

Action of interpleader by J. Romaine Brown and another, executors of Loyal L. Smith, deceased, against the City National Bank of Plattsburgh, N. Y., and others. From the judgment (72 Misc. Rep. 201, 131 N. Y. Supp. 92) awarding the fund paid into court by plaintiffs to defendant bank and to defendants R. Prescott & Son, defendants Elliott L. Brown and others appeal. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Maurice B. Dean, of New York City, for appellant Brown.

John B. Riley, of Plattsburgh (C. J. Vert, of Plattsburgh, of counsel), for appellants Jones Bros. Co. and John Williams, Inc.

Shedden & Shedden, of Plattsburgh (J. S. Shedden, of Plattsburgh, of counsel), for respondent City Nat. Bank.

Thomas B. Cotter, of Plattsburgh (Frank E. Smith, of New York City, of counsel), for respondent R. Prescott & Son.

Conway & Weed, of New York City, for plaintiffs.

LYON, J. In January, 1909, the plaintiffs entered into a contract in writing with Alfred Pennington, who was a copartner of Edward F. Butler in contract work, for the erection of a mausoleum in Riverside Cemetery, in Plattsburgh, N. Y., for the sum of $20,160.80. In September following Butler died. In November Pennington gave defendants Prescott & Son an order on the executors for $4,000. In December, 1909, the mausoleum was completed and accepted by the plaintiffs. Prior to January 10, 1910, the plaintiffs had paid to Pennington $9,097.20, 10 per cent. of which Pennington had turned over to Brown, the architect, leaving the amount unpaid upon the contract on that date $11,063.60. Being indebted to the defendant the City National Bank of Plattsburgh in the sum of $15,000, said Pennington on that day assigned to said bank all his interest in said contract and all payment due and to become due thereunder, and covenanted that there was then due and owing him on said contract the sum of $10,136, which was $927.60 less than the amount unpaid thereon. In January, February, and April, 1910, the defendants Vermont Marble Company, Jones Bros. Company, and John Williams, Incorporated, filed liens under the Monument Lien Law upon the mausoleum property for labor and materials furnished in the construction of the mausoleum. In May, 1910, Pennington, individually and as surviving partner of the firm of Pennington & Butler, filed a petition in bankruptcy, and in the following month they were adjudged bankrupts, and the defendant Callanan elected trustee.

In February, 1911, this action of interpleader was brought by the executors for the purpose of determining the priorities of the various

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

claimants to the moneys still unpaid by them, and in April, 1911, pursuant to a judgment of interpleader entered herein, the plaintiffs paid into court the said sum of $11,063.60, less costs of $87 allowed them by the court, or the balance of $10,976.60, which remains in the hands of the court to await the final determination of this action.

Upon the trial hereof the court found that the defendants Vermont Marble Company, Jones Bros. Company, John Williams, Incorporated, Elliott L. Brown, and Michael J. Callanan, as trustee in bankruptcy, had no lien on the fund, and were not entitled to be paid any part thereof, and that the defendants R. Prescott & Son were entitled to $4,000 thereof, with interest from November, 1909, pursuant to said order, and that the defendant bank was entitled to be paid the balance of said $10,976.60, with the accumulated interest thereon. Judgment was entered accordingly. The defendants Jones Bros. Company, John Williams, Incorporated, and Elliott L. Brown filed exceptions to the decision of the trial justice, and each has appealed to this court from the judgment entered thereon.

In our opinion the decision of the trial court that the defendants Vermont Marble Company, Jones Bros. Company, and John Williams, Incorporated, who were materialmen, acquired no lien upon the mausoleum property, was correct, and should be affirmed, but that the decision should be modified as to the defendants Brown and City National Bank.

Upon the trial certain statements of fact were admitted, the twelfth of which, to which Callanan, trustee, alone objected, but who has filed no exception to the decision and does not appeal, was in substance as follows: That the contract price agreed upon between the plaintiffs and Pennington for erecting the mausoleum was $18,328; that the plaintiffs agreed with the defendant Brown, who was the son of one of the executors, and who was the architect, and was to superintend the construction of the mausoleum, that he should receive for his services 10 per cent. of the said contract price; that it was agreed simultaneously, and as a part of the same transaction, between the plaintiffs, Pennington, and Brown, that the amount to be paid to Brown should be added to the said contract price, making the said sum $20,160.80; that it was simultaneously therewith, and as a part of the same transaction, agreed that Pennington should receive the architect's fee, and should pay the same to the architect, and a written contract for that purpose was entered into between Pennington and Brown; that Pennington, at the time of making his said contract with the executors, did not consider that the architect's fee was an asset of his, but that he was merely the agent of the executors to pay the same to the architect; that at the time of his bankruptcy he made no claim to said architect's fees, and that defendant Brown had received $895.20, and claims that there is a balance owing him out of the fund in court of $937.60, which, as before stated, is the difference between the amount owing January 10, 1910, by the executors to Pennington, and the sum mentioned in the assignment of that date by Pennington to the bank. Not only is the twelfth concession of facts amply borne out by the evidence, but the answer of

the bank states that by reason of the said assignment of January 10,. 1910, "and the facts aforesaid, there is now due and owing the said defendants by the plaintiffs the sum of $6,136" (should have read $6,- 126), which is the difference between the sum mentioned in the as-- signment and the $4,000 claim of Prescott & Son, less the exact amount of Brown's claim of $937.60.

We think that the decision of the trial court should have awarded to the defendant Brown, out of the fund in court, after the payment awarded to Prescott & Son, the sum of $937.60, and should have awarded to the defendant bank the balance of the moneys in court, and that, as so modified, the judgment entered on said decision should, be affirmed. All concur.